**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**

**VERSUS**                                        **No. 14-170**

**TRINA MARIE BOURG**                             **SECTION "E"**

## ORDER

Before the Court is the Government's notice of intent to offer evidence of other acts pursuant to Rule 404(b) of the Federal Rules of Evidence.[1] Defendant Trina Marie Bourg argues the 404(b) evidence should be excluded.[2] Having considered the memoranda, the record, and the applicable law, the Court now issues this order.

## BACKGROUND

On August 8, 2014, a federal grand jury returned a single count indictment charging Defendant with wire fraud in violation of 18 U.S.C. § 1343.[3] Approximately nine months later, on May 21, 2015, another federal grand jury returned a superseding indictment charging Defendant with four counts of wire fraud and one count of attempted wire fraud.[4] According to the superseding indictment, Defendant, while employed as a Spanish language interpreter for the Office of the District Defender for the 32nd Judicial District for Terrebonne Parish ("Public Defender's Office"), created a scheme and artifice to defraud clients of the Public Defender's Office who were undocumented aliens facing potential removal from the United States.

The superseding indictment states that, in her capacity as a Spanish interpreter for the Public Defender's Office, Defendant routinely encountered individuals

---

[1] R. Doc. 58.
[2] R. Doc. 66.
[3] R. Doc. 9.
[4] R. Doc. 41.

incarcerated or detained for alleged violations of state law or United States immigration laws. While providing Spanish interpreting services for attorneys employed with the Public Defender's Office, Defendant allegedly identified clients facing criminal charges who were subject to potential removal from the United States. After identifying such clients, Defendant allegedly initiated contact with the client, or the client's family, outside the presence or knowledge of the client's court appointed attorney, and falsely represented to the client, or the client's family, that she would for a certain amount of money influence federal immigration officials not to seek federal prosecution or not to initiate removal proceedings against the client.

Defendant allegedly threatened and intimidated "Client A" and "Client A's" family members into believing "Client A" was going to be deported and falsely represented to them that for a certain amount of money she could pay federal immigration officials not to seek federal prosecution or initiate removal proceedings against "Client A." The superseding indictment details how Defendant allegedly used and attempted to use wire communications in furtherance of her scheme to defraud "Client A" and "Client A's" family and friends.

On June 24, 2015, the Government filed a notice of intent to use evidence of other acts, giving Defendant notice that it intends to introduce evidence of Defendant's involvement with another illegal alien, "Client B," and acceptance of cash payments from "Client B" and "Client B's" brother.[5] Defendant objects to the evidence being offered and requests it be excluded.[6]

---

[5] R. Doc. 58.
[6] R. Doc. 66.

### STANDARD OF LAW

Under Federal Rule of Evidence 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."[7] The Fifth Circuit has clarified: "Rule 404 is a rule of inclusion, which admits evidence of other acts relevant to a trial issue except where such evidence tends to prove only criminal disposition. The rule is exclusionary only as to evidence admitted to establish bad character as such; it very broadly recognizes admissibility of prior crimes for other purposes."[8]

For 404(b) evidence to be admissible, the two-step test articulated in *United States v. Beechum* must be applied.[9] "First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character."[10] As a threshold matter, the relevancy of extrinsic act evidence is conditioned on whether the defendant, in fact, committed the extrinsic act.[11] Rule 104(b) of the Federal Rules of Evidence states: "When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist. The court may admit the proposed evidence on the condition that the proof be introduced later."[12] "Therefore, as a predicate to a determination that the extrinsic offense is relevant, the Government must offer proof demonstrating that the defendant committed

---

[7] Fed. R. Evid. 404(b).
[8] *U.S. v. Shaw*, 701 F.2d 367, 386 (5th Cir. 1983) (citations omitted).
[9] 582 F.2d 898, 911 (5th Cir. 1978) (en banc).
[10] *Id.*
[11] *Id.* at 912. *See also U.S. v. Gutierrez-Mendez*, 752 F.3d 418, 423 (5th Cir.) *cert. denied*, 135 S. Ct. 298 (2014).
[12] Fed. R. Evid. 104(b).

the offense. If the proof is insufficient, the judge must exclude the evidence because it is irrelevant" under Rule 104(b).[13]

When "determin[ing] whether there is sufficient evidence for the jury to find the defendant in fact committed the extrinsic offense[,] . . . [t]he judge need not be convinced beyond a reasonable doubt that the defendant committed the extrinsic offense," and the Government need not "come forward with clear and convincing proof."[14] Rather, the standard for the admissibility of extrinsic offense evidence is whether there is evidence sufficient to permit a reasonable jury to find the preliminary facts by a preponderance of the evidence.[15]

Once this threshold is met, the Court must look at other indicia of relevance. When determining whether extrinsic act evidence is relevant to an issue other than the defendant's character, as required to be admissible under 404(b), "relevance is a function of [the extrinsic offense's] similarity to the offense charged."[16] "[S]imilarity means more than that the extrinsic and charged offense have a common characteristic"—the common characteristic must be "the significant one for the purpose of the inquiry at hand."[17]

The second step of the *Beechum* test is that "the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of rule 403."[18] "The task for the court in its ascertainment of probative value and unfair prejudice under rule 403 calls for a commonsense

---

[13] *Beechum*, 582 F.2d at 912–13; *Gutierrez-Mendez*, 752 F.3d at 423.
[14] 582 F.2d at 913.
[15] *Id*; *U.S. v. Anderson*, 933 F.2d 1261, 1269 (5th Cir. 1991) (citing *Huddleston v. U.S.*, 485 U.S. 681, 688–90 (1988)).
[16] *Id.*
[17] *Id.* (internal quotation marks and citation omitted).
[18] 582 F.2d at 911.

assessment of all the circumstances surrounding the extrinsic offense."[19]

## DISCUSSION

In this case, the Government seeks to introduce evidence related to Defendant's employment as a Spanish interpreter for the Office of the District Public Defender for the 32nd Judicial District for Terrebonne Parish, Louisiana from February 2010 through July 2014. Specifically, the Government seeks to introduce evidence that Defendant received approximately $3,000.00 in cash payments from another client of the Public Defender's Office, Client B, who was facing criminal charges. In addition, the Government seeks to show Defendant made false representations to Client B and his family members that she could pay federal officials to remove Client B's immigration hold or detainer.

The Government argues it does not seek to offer the other acts evidence to prove Defendant's criminal disposition—the only purpose barred by Rule 404(b).[20] The Government "intends to offer this evidence for multiple admissible purposes, including to prove opportunity, intent, preparation, plan, knowledge, and absence of mistake in Bourg's interaction with 'Client A' or 'Client A's' family members."[21] The Government argues:

> For example, the Defendant's representations to "Client B" and "Client B's" brother that she would pay federal immigration officials to remove "Client B's" immigration hold or detainer in exchange for a certain amount of money is relevant, probative evidence of her intent, preparation, and plan to make similar misrepresentations to "Client A" and "Client A's" family members during the time period alleged in the Indictment and will rebut any claim of mistake made by Bourg. As an additional example, Bourg's relationship with "Client B" and "Client B's" brother is probative evidence of her knowledge and opportunity as a Spanish interpreter to

---

[19] *Id.* at 914.
[20] R. Doc. 58, p. 4.
[21] *Id.* at pp. 4–5.

identify clients facing criminal charges and potential immigration issues.[22] The Government submits this evidence satisfies both prongs of the *Beechum* test: it is relevant to an issue other than Defendant's character, and the probative value of the evidence is not substantially outweighed by any undue prejudice."[23]

In response, Defendant argues "the [G]overnment has failed to provide sufficient evidence that a relevant bad act even occurred. Therefore, the evidence should be inadmissible under Rule 104(b)."[24] Further, Defendant contends the Government has not asserted a permissible purpose under Rule 404(b) for the use of the extrinsic acts and instead merely recites the list of permitted uses under Rule 404(b). Alternatively, Defendant argues the evidence should be inadmissible because its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury.

In this case, the Court finds the 404(b) evidence is "relevant to an issue other than the defendant's character."[25] As the Government argues in its notice of intent, Defendant's actions with respect to Client B were allegedly done in a similar manner as those detailed in the Superseding Indictment with respect to Client A. At trial, the Government will have to prove that Defendant knowingly devised a plan, pattern, or course of action to deprive "Client A" and "Client A's" family of money and property and that Defendant knowingly intended to deceive or cheat them. Defendant has put the existence of a plan to deprive "Client A" and "Client A's" family of money and her knowledge and intent to deceive at issue in this case. Evidence of Defendant's acts with respect to "Client B" is thus relevant to proof of Defendant's intent, preparation, plan,

---

[22] *Id.* at p. 5.
[23] *Id.*
[24] R. Doc. 66, p. 1.
[25] *U.S. v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc).

knowledge, opportunity, and absence of mistake, which are elements relevant to the charged conduct. The Court finds the evidence will be offered for a legitimate purpose.

*Beechum* also requires that "the evidence . . . possess probative value that is not substantially outweighed by its undue prejudice and . . . meet the other requirements of rule 403."[26] In performing the Rule 403 balancing test and considering all of the circumstances surrounding the extrinsic act evidence, the Court finds that the possibility of undue prejudice does not substantially outweigh the probative value of the evidence in this case. Even though there may not have been charged crimes or convictions resulting from the extrinsic acts,[27] the extrinsic acts are similar to the charged offenses, little time has passed between the two acts, and the evidence is probative of Defendant's intent, preparation, plan, knowledge, opportunity, and absence of mistake with respect to the charged conduct.[28] Further, a proper jury instruction regarding the use of this evidence will adequately protect Defendant against any potential prejudice.

However, the Government has not identified or explained exactly what evidence it has or intends to present at trial to show that Defendant did the alleged actions with respect to Client B. Thus, at this time, the Court cannot determine whether the Government has sufficient evidence for a reasonable jury to find the conduct occurred by a preponderance of the evidence. Because this threshold requirement for relevance has not yet been established, the Court will only conditionally allow introduction of the 404(b) evidence concerning extrinsic acts detailed in the Government's notice of

---

[26] *Id.*

[27] Rule 404(b) refers to other crimes as well as other wrongs or acts. Fed. R. Evid. 404(b). Such evidence is admissible, provided it meets the *Beechum* two-pronged test.

[28] *See U.S. v. Kinchen*, 729 F.3d 466, 473 (5th Cir. 2013) ("We consider several factors in determining whether the prejudicial effect of the extrinsic evidence substantially outweighs its probative value: (1) the government's need for the extrinsic evidence, (2) the similarity between the extrinsic and charged offenses, (3) the amount of time separating the two offenses, and (4) the court's limiting instructions.").

intent.[29] The Government must present proof that Defendant committed these acts at trial. Defendant may move to strike the evidence if, at the close of the trial, the Government has failed to present sufficient evidence to permit a reasonable jury to find by a preponderance of the evidence that Defendant committed the extrinsic acts.[30] To the extent the Government has not already done so, the Government is ordered to disclose any evidence of Defendant's extraneous acts it intends to use at trial on or before July 31, 2015 at 5:00 p.m.

## CONCLUSION

**IT IS ORDERED** that the Government's notice of intent to offer evidence of other acts pursuant to Rule 404(b) of the Federal Rules of Evidence, which the Court construes as a motion *in limine* to include such evidence, is **GRANTED**.[31] The Government may introduce evidence of Defendant's involvement with "Client B" and acceptance of cash payments from "Client B" and "Client B's" brother pursuant to Rule 404(b) the Federal Rules of Evidence to show Defendant's intent, preparation, plan, knowledge, opportunity, and absence of mistake regarding the charged conduct. Defendant may move to strike the evidence if the Government fails to present sufficient evidence at trial to permit a reasonable jury to find by a preponderance of the evidence that Defendant committed the extrinsic acts. If the Court grants the motion to strike, upon request the Court will give an appropriate instruction to the jury.

---

[29] *See U.S. v. Anderson*, 933 F.2d 1261, 1273 (5th Cir. 1991) ("Under Rule 104(b), if the facts upon which relevance is conditioned are not established at the time the evidence is offered, the court is authorized 'to admit the evidence "subject to" proof of the preliminary fact[s].' *Huddleston* [*v. U.S.*], 485 U.S. [681,] 690 n.7 . . . . If the court admits conditionally relevant evidence subject to later proof of the preliminary facts, the court need not insure sua sponte that the preliminary facts are proven later in the trial. The opponent of the conditionally relevant evidence must 'move to strike the evidence if at the close of the trial the offeror has failed to satisfy the condition.' *Id.*" (internal quotation marks and citation omitted)).
[30] *See id.*
[31] R. Doc. 58.

**IT IS FURTHER ORDERED** that, to the extent the Government has not already done so, the Government must disclose any evidence of Defendant's extrinsic acts it intends to use at trial on or before **July 31, 2015 at 5:00 p.m.**

New Orleans, Louisiana, this 22nd day of July, 2015.

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**